**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Lloydena Charnisky, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| GC Services, L.P.; EGS Financial, Inc.; and | : **COMPLAINT** |
| Convergent Outsourcing, Inc., | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Lloydena Charnisky, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Lloydena Charnisky ("Plaintiff"), is an adult individual residing in Bradford, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(39).

4.      Defendant, GC Services, L.P. ("GC"), is a Texas business entity with an address of 6330 Gulfton Street, Houston, Texas 77081, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Defendant EGS Financial, Inc. ("EGS") is a Pennsylvania business entity with an address of 400 Horsham Road, Suite 130, Horsham, Pennsylvania 19044 and is a "person" as defined by 47 U.S.C. § 153(39).

6.      Defendant Convergent Outsourcing, Inc. ("Convergent" and together with GC and EGS collectively referred to as "Defendants") and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

7.      Within the last four years, Defendants called Plaintiff's cellular telephone, number 814-xxx-1038, on behalf of Credit One Bank in an attempt to collect a consumer debt allegedly owed by Plaintiff's husband.

8.      Defendants placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

9.      When Plaintiff answered calls from Defendants, she heard silence and had to wait on the line to be connected to the next available representative.

10.     Plaintiff spoke with one or more of the Defendants and requested that all calls on behalf of Credit One Bank to her cellular telephone number cease.

11.     In complete disregard of Plaintiff's cease request, Defendants continued to place automated calls to Plaintiff.

## COUNT I

## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

12.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     At all times mentioned herein and within the four years, the Defendants called Plaintiff on her cellular telephones using an ATDS or predictive dialer.

2

14.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration."  *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned."  *Id*.

15.     Defendants' telephone systems have some earmarks of a Predictive Dialer.

16.     When Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

17.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     The Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     The telephone number called by the Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20.     The calls from the Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 23, 2018

Respectfully submitted,

By /s/ Jody B. Burton

Jody B. Burton, Esq.
Bar No.: 71681
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff